# IN THE COURT OF APPEALS OF IOWA

No. 18-1941
Filed April 15, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RYAN JAMES MATHEWS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Michael K. Jacobsen, Judge.

Ryan James Mathews appeals his conviction for forgery. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

Ryan James Mathews appeals his conviction for forgery, arguing the evidence is insufficient to support his conviction. On November 16, 2017, Mathews entered an office of Earlham Savings Bank in West Des Moines. He presented a purported check payable to him for $1950 from Jeffrey Breeden, doing business as Breeden Enterprises, who is a customer of the bank. After checking his identification, the teller accepted the document and gave Mathews $1950 in cash. The next day, the bank reported the document as fraudulent. The State charged Mathews with forgery, and he proceeded to a jury trial. At trial, Breeden testified he does not know Mathews and he did not issue a check to Mathews. The State introduced as evidence copies of both the purported check and a real check from Breeden, which were similar but not identical. Mathews presented no witnesses in his defense. The jury convicted him as charged. The court sentenced him to a term of incarceration not to exceed five years plus a fine, surcharges, and restitution.

Mathews argues the evidence is insufficient to support his conviction for forgery. "We review challenges to the sufficiency of the evidence presented at trial for correction of errors of law." *State v. Kern*, 831 N.W.2d 149, 158 (Iowa 2013). "The essential question before the court on a challenge to sufficiency of the evidence is whether there was substantial evidence to support a guilty verdict beyond a reasonable doubt." *Id.* "We view the evidence presented at trial in the light most favorable to the State but consider all the evidence in the record, not just the evidence favoring the State." *Id.*

Under Iowa Code section 715A.2(1) (2017):

A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that the person is facilitating a fraud or injury to be perpetrated by anyone, the person does any of the following:
      a. Alters a writing of another without the other's permission.
      b. Makes, completes, executes, authenticates, issues, or transfers a writing so that it purports to be the act of another who did not authorize that act, or so that it purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or so that it purports to be a copy of an original when no such original existed.
      c. Utters a writing which the person knows to be forged in a manner specified in paragraph "a" or "b".

Mathews specifically challenges the knowledge element, asserting the record contains no evidence he knew the document he presented was a forgery. The copies of the documents in evidence and Breeden's testimony that he did not issue a check to Mathews establish the document was a forgery. The record shows no prior connection between Mathews and Breeden. While the State did not prove who made the forgery, the record contains no legitimate explanation for how Mathews came to possess a forged check for $1950 payable to him. As the State asserted during closing arguments, "It was too good to be true." When viewing the record as a whole in the light most favorable to the State, we find sufficient evidence to conclude Mathews knew the check was a forgery at the time he presented it to the bank, and we affirm his conviction.

**AFFIRMED.**